IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:08CV336 |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and JANET A. NAPOLITANO, in her official capacity, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on a motion by defendants United States Department of Homeland Security, and Janet A. Napolitano (hereinafter, collectively, "the government") for a continuance to conduct discovery to oppose plaintiff Union Pacific Railroad Company's ("UP") motion for summary judgment and to support defendants' compulsory counterclaims, Filing No. 83.

It is clear to the court that UP's motion for summary judgment seeks judgment based on the administrative record under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq*. *See* Filing No. 56, Motion; Filing No. 58, Index of Evidence. Judicial review under the APA is limited to the administrative record that was before the agency when it made its decision. *See Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). UP largely relies on facts gleaned from the administrative record. Indeed, in its brief in opposition to the plaintiff's motion for a continuance, UP states that the court "can and should resolve UP's motion for summary judgment based on the administrative record that was before CBP [Customs & Border Patrol]." *See* Filing No. 91, Brief at 2.

In its reply to UP's position, the government states that "CBP [Customs and Border Patrol] has started compiling the administrative record" and that the record "may include additional categories of documents that do not appear in the attachments to UP's motion, including the information transmitted by UP to CBP through the Automated Manifest System; internal CBP recommendations regarding penalty determinations; inspection reports pertaining to the incidents that led to the imposition of the penalties at issue in this case; and materials related to UP's Customs Trade Partnership Against Terrorism (CTPAT) status."  Filing No. 95, Reply at 6.  The court agrees that to the extent CBP considered any of these records when it assessed penalties against UP, the documents are part of the administrative record and must be considered by the court.  To that end, the government asks "that the Court set a date no earlier than 45 days from the date of its order upon which CBP must file the administrative record."  *Id.* at 7.

With respect to the government's motion to conduct discovery to support its counterclaims, an order for initial progression of the case has been entered, effectively rendering the motion moot.  *See* Filing No. 98.  Accordingly, the court finds that portion of the motion should be denied as moot.

IT IS ORDERED:

1.  Defendants' motion for a continuance (Filing No. 83) is granted in part and denied in part.

2.  Defendants' motion to conduct discovery to support its counterclaims is denied as moot.

3.  Defendants' motion for a continuance is granted as follows:  Defendants shall file the administrative record and respond to the defendants' motion for summary judgment

within 45 days of the date of this order. Plaintiff shall reply within 14 days after the response is served.

DATED this 27th day of July, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.