IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV336 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV430 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV444 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion for Leave to Serve Separate Definitions with Defendants' First Set of Interrogatories (Filing No. 157) filed by the United States Department of Homeland Security and Secretary Janet Napolitano, in her official capacity. The defendants filed an index of evidence (Filing No. 158) in support of the motion. The plaintiff Union Pacific Railroad Company filed a brief (Filing No. 159) in

opposition to the motion. The defendants filed a brief (Filing No. 160) and an index of evidence (Filing No. 161) in reply.

The defendants seek leave, pursuant to NECivR 33.1(b), to separately define nineteen terms to be used in their interrogatories. **See** Filing No. 157 - Motion p. 1. The defendants argue separate definitions are necessary given the technical nature of the issues. *Id.* The defendants contend adding clarity to the meaning of terms used in the interrogatories will ensure that the plaintiff understands the interrogatories and serves responsive answers. *Id.* The defendants filed the proposed definitions with the motion. **See** Filing No. 158 - Ex. A.

The plaintiff opposes the defendants' motion arguing the defendants fail to provide a compelling rationale for allowing the proposed definitions, which are "unnecessary, unduly burdensome, overly broad, and possibly lacking relevancy." **See** Filing No. 159 - Brief p. 1, 6. The plaintiff makes specific objections to the definitions used for the terms "explain," "document," and "facilities." *Id.* at 2-5. The plaintiff argues the definitions exceed the boundaries set by the Federal Rules of Civil Procedure and potentially invade attorney-client and work-product protections. *Id.* Additionally, the plaintiff contends the overly broad definitions create undue burdens on the plaintiff. *Id.* Moreover, the plaintiff asserts that the defendants should narrowly tailor specific questions for information needed, rather than unduly burden the process by including the proposed definitions. *Id.* at 5. Finally, the plaintiff seeks to reserve any other objections until receiving the interrogatories in order to view their text and the context for the defined terms. *Id.* at 5-6.

In reply, the defendants state they have voluntarily redefined the term "facilities." **See** Filing No. 160 - Reply p. 2; **see also** Filing No. 161 - Ex. 1 Letter. Further, the defendants argue the plaintiff's objections are premature because the plaintiff erroneously believes the definitions necessitate production of information that is not discoverable. **See** Filing No. 160 - Reply p. 2. The defendants assert that the plaintiff fails to substantiate specific objections with regard to all but three of the proposed definitions. *Id.* at 3.

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1).

However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003). Typically, the party moving for a protective order or to limit otherwise discoverable production has the burden to demonstrate good cause for issuance of the order. See *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). "The use of definitions is not prohibited by the Federal Rules of Civil Procedure. Prefacing a long series of interrogatories by reasonable definitions may be helpful, avoiding tedious repetition." *Diversified Prods. Corp. v. Sports Ctr. Co.*, 42 F.R.D. 3, 4 (D. Md. 1967).

The court finds the plaintiff has failed to show good cause for precluding the use of the proposed definitions. In contrast, the defendants have shown substantial justification for serving separate definitions with their interrogatories. The defendants' proposed definitions will likely avoid tedious repetition and are reasonable in light of the complexity of the case. The definitions themselves do not expand the scope of discovery beyond the limits imposed by the Federal Rules of Civil Procedure. Further, in allowing the use of separate definitions the court does not determine whether any particular interrogatory is objectionable. Upon consideration,

**IT IS ORDERED:**

The defendants' Motion for Leave to Serve Separate Definitions with Defendants' First Set of Interrogatories (Filing No. 157) is granted.

DATED this 8th day of February, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.